Howard Earl ROQUEMORE,
Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 01–96–00019–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

March 28, 2002.

Rehearing Overruled Feb. 14, 2003.

Michael Branisa, Tarics & Carrington, P.C., Henry L. Burkholder, III, Houston, for Appellant.

Eric Kugler, Asst. Dist. Atty. of Harris County, Charles A. Rosenthal, Jr., Dist. Atty.-Harris County, Houston, for State.

Panel consists of Justices COHEN, WILSON, and NUCHIA.

## OPINION ON REMAND FROM THE COURT OF CRIMINAL APPEALS

DAVIE L. WILSON, Justice.

Howard Earl Roquemore, Jr., a juvenile, appeals his conviction for aggravated robbery. A jury found appellant guilty as an adult and assessed punishment at 11 years confinement. We affirm.

### Procedural History

On original submission, appellant argued the trial court erred in refusing to suppress appellant's oral statements and testimony regarding recovered stolen property. In our opinion issued April 1, 1999, we held the trial court erred in refusing to suppress appellant's oral confession, found the error harmful, and reversed his conviction. *Roquemore v. State*, No. 01–96–00019–CR, slip op. at 9, 1999 WL 350609 (Tex.App.-Houston [1st Dist.] Apr. 1, 1999), *rev'd on reh'g*, 11 S.W.3d 395, 400–01 (Tex.App.-Houston [1st Dist] 2000) (op.

on reh'g). However, on rehearing, we affirmed appellant's conviction. *Roquemore v. State,* 11 S.W.3d 395, 400–01 (Tex.App.-Houston [1st Dist] 2000) (op. on reh'g). We held appellant's oral confession was a voluntary statement not resulting from custodial interrogation, and evidence of the stolen property was properly admitted because it resulted from appellant's confession. *Id.* The Court of Criminal Appeals held that, because the appellant was first taken to the location of the stolen property before being taken to a juvenile processing center, the trial court erred in admitting the evidence concerning the recovery of the stolen property. *Roquemore v. State,* 60 S.W.3d 862, 872 (Tex.Crim.App.2001); *see also* TEX. FAMILY CODE ANN. § 52.02(a) (Vernon Supp.2002). On remand, we consider whether the erroneous admission was harmful.

## Facts

Appellant was charged with the December 1993 aggravated robbery of Cesira Hussain.[1] The State alleged that, when Hussain was stopped at a gas station, appellant approached her and offered to pump her gas. Appellant then stuck a gun in her face, and took her wallet, $90 cash, some jewelry, and credit cards. Hussain picked appellant's picture from a photo array and identified him in court. Houston Police Officer Keith J. Heiman testified he chased another man, Michael Jones, from the scene of the robbery.

After receiving a call from appellant's uncle informing the police that appellant was involved in a robbery, Officer Albert Garcia went to appellant's home and arrested appellant. Officer Garcia testified

appellant's uncle encouraged appellant to tell Officer Garcia what he knew about the robbery. Officer Garcia testified appellant admitted being involved in the robbery and offered to take him to the place where the stolen property had been dumped. Appellant took the officers to a nearby house, where they recovered a credit card receipt bearing Hussain's name and a picture of Hussain's family. Appellant was then taken to a juvenile processing center.

Appellant testified Michael Jones, and not he, committed the robbery. Appellant also testified Jones told him where the stolen property was located. Appellant testified he wanted to cooperate with police; he volunteered to show the officers where the stolen property was located; he took them to the property; and he told the officers he did *not* participate in the robbery. The jury convicted appellant of aggravated robbery.

## Harm Analysis

■ We apply Texas Rule of Appellate Procedure 44.2(b) to determine whether the trial court's error constitutes reversible error. *See* TEX.R.APP. P. 44.2(b); *Tuy Pham v. State,* 36 S.W.3d 199, 205 (Tex. App.-Houston [1st Dist.] 2000, no pet.) (applying Rule 44.2(b) to violation of Family Code § 52.02(b) requiring prompt notice to parent of child in custody). Non-constitutional error must be disregarded unless it affects substantial rights of the defendant. TEX.R.APP. P. 44.2(b); *Tuy Pham,* 36 S.W.3d at 205. A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State,* 953 S.W.2d 266, 271 (Tex.Crim.App.1997).

---

1. Appellant was charged with three unrelated offenses. The first indictment alleged appellant committed the aggravated robbery and aggravated assault of Lynn Rutherford by firing a gun into Rutherford's car and attempting to rob her when she was stopped at an intersection in November 1993. Rutherford picked appellant's picture from a photo array and identified him in court; however, appellant was acquitted of these offenses.

A conviction should not be overturned for such error if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect. *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim.App.1998).

 Appellant argues he was harmed by Officer Garcia's testimony that he led the officers to the stolen property. However, appellant does not indicate *how* he was harmed by admission into evidence of the statements regarding recovery of the stolen property. Appellant does not argue that the testimony concerning the stolen property induced him to testify when he would not have otherwise done so. Here, appellant testified he offered to cooperate with police by showing them where the stolen property was located, and he took the police to that location. This evidence corroborated Officer Garcia's testimony. It did not conflict with Officer Garcia's testimony, in the respect that appellant had knowledge of the stolen property's location. The important conflict in testimony was whether appellant admitted he robbed Hussain and whether Hussain misidentified him. The jury was presented with Hussain's identification of appellant, Officer Garcia's testimony that appellant confessed to the robbery, and appellant's testimony that he did not admit to the crime, but only offered to help police by taking them to the stolen property. Knowing that the appellant led police to the stolen property, and knowing that property consisted of Hussain's credit card receipts and a picture of her family did little, if anything, to influence the jury's attempt to reconcile the testimony about the identity of the robber. After reviewing the record, we hold that, under these particular facts, the evidence of the stolen property did not cause a substantial and injurious effect or influence in determining the jury's verdict. We overrule appellant's sole point of error on remand.

## Conclusion

We affirm.